## Commonwealth v. Thomas

*Henry M. Hipple*, district attorney, for Commonwealth.

*William Hollis*, for defendant.

BAIRD, P. J.—An information having been made by a highway patrolman before Sanford A. Wilt, a justice of the peace of the Borough of Mill Hall, charging the defendant with having violated section 815 of The Vehicle Code of May 1, 1929, P. L. 905, a summary conviction

offense, he waived a hearing and gave bail for his appearance in the court of quarter sessions.

The offense charged is alleged to have occurred in Lamar Township, on April 8, 1933, and at that time it seems there was no justice of the peace in that township.

When the case was called for hearing in the court of quarter sessions, the defendant moved to quash the information and all of the proceedings, etc., on the ground that the magistrate nearest to the point where the alleged violation occurred was W. J. Peters, another justice of the peace in Mill Hall Borough, and that Sanford A. Wilt, the justice before whom the information was made, was without jurisdiction.

The offices of the two justices of the peace in Mill Hall Borough are located on the same street and in the same block, but the office of Peters is nearer by 324.83 feet to the point where the alleged violation occurred, both offices, however, being approximately five miles distant from said point.

The motion is based on section 1201(a) of said code, as amended by the Act of June 22, 1931, P. L. 751, which reads:

"Informations, charging violations of any of the summary provisions of this act, shall be brought before the magistrate nearest to the point where the alleged violation occurred, or a magistrate within the city, borough, incorporated town, or township where the alleged violation occurred".

When the fact of the relatively short distance between these offices, as compared with the distance to either from the point where the alleged violation occurred, was developed, we were disposed to regard the motion as "splitting hairs", and we so expressed ourselves at the time, but upon reflection we think the motion should be sustained. As has been repeatedly held, this provision of the statute, and the similar but less restrictive provision of the original act, is mandatory, and we think it better to adhere to the letter of the law than to attempt a con-

struction which would admit of even so slight a variance therefrom as the facts in this case would require. If we were to begin to whittle away the plain and positive mandate of the statute, we are afraid we would find it difficult to know where to draw the line in future cases, as occasion might require.

Highway patrolmen should inform themselves in regard to the location of the offices of the various magistrates in their territory, and the magistrates should satisfy themselves that they are nearest to the point where the alleged violation occurred, or otherwise qualified, before permitting an information to be made before them. It is to be regretted that the provision for the institution of a prosecution in such cases is not more flexible, but it is not for the courts to make it so.

Now, January 22, 1934, the defendant's motion is granted and the proceedings dismissed.

From W. E. Shaffer, Lock Haven.